UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                          :
AMERICAN GENERAL LIFE INSURANCE      :
COMPANY                                                    :       Civil Action No: 2:09-cv-5097 (FSH)
                                                          :
                       Plaintiff,                         :
                                                          :
           v.                                             :
                                                          :       **ANSWER OF DEFENDANT MICHAEL
SUSSEX 130 LLP, CANYON FUNDING              :       STRULOWITZ TO AMENDED
TRUST, WELLS FARGO BANK, N.A.,               :       COMPLAINT; CROSSCLAIM; ANSWER
SCOTT ULVEN, RAMPART AMERICA             :       TO CROSSCLAIM OF CO-DEFENDANT
LLC, MICHAEL STRULOWITZ, and                 :       RAMPART AMERICA LLC; AND JURY
JOHN DOES 1-10,                                           :       DEMAND**
                                                          :
                       Defendants.                        :
_____ :

       Defendant, Michael Strulowitz ("*Strulowitz*") by way of Answer to the Amended

Complaint through his attorneys, Gruhin & Gruhin, P.A., states:

## INTRODUCTION

       1.     Answering Paragraph 1, Strulowitz makes no answer thereto as its allegations contain

factual and legal conclusions which do not require same.

       2.     Answering Paragraph 2, except to refer to the application for the referenced insurance

policy, Strulowitz denies the allegations contained therein.

       3.     Strulowitz denies the allegations contained in Paragraph 3.

       4.     Answering Paragraph 4, Strulowitz makes no answer thereto as its allegations contain

factual and legal conclusions which do not require same.

## JURSIDICTION, PARTIES AND VENUE

5.    Answering Paragraph 5, except to admit that plaintiff purports to invoke jurisdiction under the referenced statute, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

6.    Answering Paragraph 6, except to admit that plaintiff purports to lay venue in this District in which Strulowitz lives, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

7.    Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    Answering Paragraph 8, except to admit, upon information and belief, that defendant Sussex 130 LLP ("*Sussex*") purports to be a limited liability partnership formed under the laws of the State of Minnesota, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same and otherwise refers to Sussex's limited liability partnership agreement ("*LLP Agreement*"), if any, for a statement of its content.

9.    Answering Paragraph 9, upon information and belief, Strulowitz admits that the two (2) referenced irrevocable trusts purport to be the partners of Sussex.

10.    Answering Paragraph 10, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same and otherwise refers to the trust agreement, if any, for the Stanley Goldberg Family Irrevocable Trust No. 1 ("*Irrevocable Trust No. 1*").

11.    Answering Paragraph 11, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same and otherwise refers to the trust

2

agreement, if any, for the Stanley Goldberg Family Irrevocable Trust No. 2 ("*Irrevocable Trust No. 2*").

12.     Strulowitz admits the allegations contained in Paragraph 12.

13.     Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Answering Paragraph 14, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same and otherwise refers to the trust agreements, if any, for the Canyon Funding Trust ("*Canyon Trust*") and Irrevocable Trust Nos. 1 and 2 for statements of their contents.

15.     Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Answering Paragraph 16, except to admit and affirmatively state that defendant Rampart America LLC ("*Rampart*") is the agency which submitted one (1) or more application(s) for life insurance policy(ies), Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

17.     Answering Paragraph 17, except to deny that he submitted the referenced application for the life insurance policy, Strulowitz admits its remaining allegations.

18.     Answering Paragraph 18, Strulowitz refers to the referenced Trust Agreement for a statement of its content.

19.     Answering Paragraph 19, Strulowitz refers to the referenced Trust Agreement for a statement of its content.

20.     Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.    Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.    Answering Paragraph 24, except to deny that he attempted to gain from any purported attempt to circumvent applicable insurable laws and public policy, Strulowitz makes no answer to its remaining allegations as same are not directed against him.

**STRANGER-ORIGINATED LIFE INSURANCE**

25.    Answering Paragraph 25, except to deny that he engaged in the scheme referenced in the first sentence thereof, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

26.    Answering Paragraph 26, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

27.    Answering Paragraph 27, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

28.    Answering Paragraph 28, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

29.    Answering Paragraph 29, except to deny perpetrating any scheme or fraud referenced in the second and third sentences thereof, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

30.   Answering Paragraph 30, except to deny that he perpetrated any fraud and/or made and/or provided false or misleading assurances, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

## APPLICATION AND MISREPRESENTATIONS

31.   Answering Paragraph 31, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

32.   Answering Paragraph 32, except to deny that he transmitted the referenced Part A Life Insurance Application (the "*02/09/2005 Part A Application*") Strulowitz refers to same for a statement of its content.

33.   Answering Paragraph 33, except to deny that he transmitted the referenced Part B Life Insurance Application (the "*02/09/2005 Part B Application*") Strulowitz otherwise refers to same for a statement of its content.

34.   Answering Paragraph 34, Strulowitz refers to the referenced Question 1 on the 02/09/2005 Part A Application and the response thereto for statements of  their contents.

35.   Answering Paragraph 35, Strulowitz refers to the referenced response to Question 4 on the 02/09/2005 Part A Application for a statement of its content.

36.   Answering Paragraph 36, Strulowitz refers to the referenced response to Question 9 on the 02/09/2005 Part A Application for a statement of its content.

37.   Answering Paragraph 37, Strulowitz refers to the referenced "agent's report" for a statement of its content.

38.   Answering Paragraph 38, Strulowitz refers to the referenced Part A Life Insurance Application (the "*02/23/2005 Part A Application*") for a statement of its content.

39.   Answering Paragraph 39, Strulowitz refers to the referenced Question 1 on the 02/23/2005 Part A Application and the response thereto for statements of their contents.

40.   Answering Paragraph 40, Strulowitz refers to the referenced response to Question 4 on the 02/09/2005 Part A Application for a statement of its content.

41.   Answering Paragraph 41, Strulowitz refers to the referenced response to Question 5 on the 02/23/2005 Part A Application for a statement of its content.

42.   Answering Paragraph 42, Strulowitz refers to the referenced response to Question 9 on the 02/23/2005 Part A Application for a statement of its content.

43.   Answering Paragraph 43, except to admit that plaintiff approved the issuance of the referenced Policy, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

44.   Answering Paragraph 44, except to affirmatively state that plaintiff transmitted the referenced policy to Rampart, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of  its remaining allegations and refers to correspondence, if any, transmitting the policy for a statement of its content.

45.   Answering Paragraph 45, upon information and belief, except to affirmatively state that on or about March 7, 2005 plaintiff acknowledged receipt of the referenced assignment, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

46.   Answering Paragraph 46, Strulowitz denies knowledge or information to form a belief as to the truth of the allegations contained therein and refers to the referenced correspondence for a statement of its content.

47.    Answering Paragraph 47, Strulowitz denies knowledge or information to form a belief as to the truth of the allegations contained therein and refers to the referenced June 15, 2005 Part A Life Insurance Application ("*06/15/2005 Part A Application*") for a statement of its content.

48.    Answering Paragraph 48, Strulowitz refers to the referenced Question 1 on the 06/15/2005 Part A Application and the response thereto for statements of their contents.

49.    Answering Paragraph 49, Strulowitz refers to the referenced response to Question 4 on the 06/15/2005 Part A Application for a statement of its content.

50.    Answering Paragraph 50, Strulowitz refers to the referenced response to Question 5 on the 06/15/2005 Part A Application for a statement of its content.

51.    Answering Paragraph 51, Strulowitz refers to the referenced response to Question 9 on the 06/15/2005 Part A Application for a statement of its content.

52.    Answering Paragraph 52, Strulowitz refers to the referenced response to Question 14 on the 06/15/2005 Part A Application for a statement of its content.

53.    Answering Paragraph 53, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same and refers to the referenced 06/15/2005 Part A Application for a statement of its content.

54.    Answering Paragraph 54, Strulowitz refers to the referenced Agent's Report for a statement of its content.

55.    Answering Paragraph 55, Strulowitz refers to the referenced Agent's Report for a statement of its content.

56.    Answering Paragraph 56, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof and refers to

the referenced June 15, 2005 Part B Life Insurance Application ("*06/15/2005 Part B Application*") for a statement of its content.

57.   Answering Paragraph 57, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and refers to the referenced medical examination report for a statement of its content.

58.   Answering Paragraph 58, except to admit that plaintiff executed, issued and caused to be delivered the referenced insurance policy, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

59.   Answering Paragraph 59, except to admit that on July 20, 2005 he signed a document entitled, in part, "Policyowner Acknowledgment of Policy Delivery", Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

60.   Answering Paragraph 60, except to affirmatively state that on July 29, 2005 plaintiff purportedly executed a document entitled "Insurers' Acknowledgment" relating to its receipt and recordation in its books and records of a document entitled "Assignment Of Life Insurance Policy As Collateral" from Sussex to Canyon Trust, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

61.   Answering Paragraph 61, except to affirmatively state that on July 29, 2005 plaintiff purportedly executed a document entitled "Insurers' Acknowledgment" relating to its receipt and recordation in its books and records of a document entitled "Second-Stage Assignment Of Life Insurance Policy As Collateral" (the "Second-Stage Assignment") from Canyon Trust to defendant Wells Fargo, Bank, N.A. ("*Wells Fargo*"), Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations and otherwise refers to the referenced Second-Stage Assignment for a statement of its content.

62.     Answering Paragraph 62, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and refers to the referenced correspondence for a statement of its content.

63.     Upon information and belief, Strulowitz admits the allegations contained in Paragraph 63.

64.     Answering Paragraph 64, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and refers to the referenced Proof of Death Claimant's Statement ("*Statement*") for a statement of its content.

65.     Answering Paragraph 65, except to admit plaintiff's receipt of the Statement, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

66.     Answering Paragraph 66, except to affirmatively state that Sussex by letter dated May 27, 2009 forwarded to plaintiff those documents more particularly identified therein, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

67.     Answering Paragraph 67, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

### DEFENDANTS MISREPRESENTED THE PURPOSE FOR THE INSURANCE

68.     Answering Paragraph 68, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     Answering Paragraph 69, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof, Strulowitz denies its remaining allegations.

X:\Individuals\Strulowitz, Michael  09-3833\Insurance Litigation - In Re Stanley Goldberg, Deceased  09-3833.01\Answer 4-8-10.pdf.doc

70.   Strulowitz denies the allegations contained in Paragraph 70.

71.   Strulowitz denies the allegations contained in Paragraph 71.

72.   Strulowitz denies the allegations contained in Paragraph 72.

## COUNT I

### (Lack of Insurable Interest)

73.   Answering Paragraph 73, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 72, inclusive, as if set forth at length herein.

74.   Strulowitz denies the allegations contained in Paragraph 74.

75.   Strulowitz denies the allegations contained in Paragraph 75.

76.   Strulowitz denies the allegations contained in Paragraph 76.

## COUNT II

### (Material Misrepresentation)

77.   Answering Paragraph 77, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 76, inclusive, as if set forth at length herein.

78.   Strulowitz denies the allegations contained in Paragraph 78.

79.   Strulowitz denies the allegations contained in Paragraph 79.

80.   Strulowitz denies the allegations contained in Paragraph 80.

81.   Answering Paragraph 81, Strulowitz denies that Goldberg's true intention and reason for seeking issuance of the Policy was not fully disclosed in the 6/15/2005 Part A Application and affirmatively states that all information necessary for plaintiff's review and consideration of the 6/15/2005 Part A Application was known and/or should have been known to it prior to its issuing the policy.

82.    Answering Paragraph 82, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

83.    Answering Paragraph 83, except to deny making any material misrepresentations and/or omissions in and/or in connection with any application for a life insurance policy, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

84.    Answering Paragraph 84, except to deny that Goldberg's true reasons for seeking issuance of any life insurance policy was withheld and/or all facts relating thereto had not been fully disclosed, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

85.    Answering Paragraph 85, except to deny that he made any material misrepresentations or failed to make any disclosures, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

86.    Answering Paragraph 86, except to deny that he made any misrepresentations and/or engaged in any fraud and concealment, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

87.    Answering Paragraph 87, except to affirmatively states that his actions and conduct were not the direct, indirect and/or proximate cause of any damages, expenses and costs purportedly incurred by plaintiff, Strulowitz makes no answer to the allegations contained therein as same contain factual and legal conclusions which do not require it.

88.    Answering Paragraph 88, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and also makes no answer thereto which contain factual and legal conclusions and do not require same.

X:\Individuals\Strulowitz, Michael  09-3833\Insurance Litigation - In Re Stanley Goldberg, Deceased  09-3833.01\Answer 4-8-10.pdf.doc

89.   Answering Paragraph 89, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

## COUNT III

### (Fraud)

90.   Answering Paragraph 90, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 89, inclusive, as if set forth at length herein.

91.   Strulowitz denies the allegations contained in Paragraph 91.

92.   Strulowitz denies the allegations contained in Paragraph 92.

93.   Strulowitz denies the allegations contained in Paragraph 93.

94.   Answering Paragraph 94, except to deny that he did not fully and completely disclose the true reason for the policy prior to its issuance and delivery and to affirmatively state that all information necessary for plaintiff's review and consideration of the 6/15/2005 Part A Application was known and/or should have been known to it prior to issuance of the policy, Strulowitz denies knowledge or information sufficient to form a belief as to the truth of its remaining allegations.

95.   Answering Paragraph 95, except to deny that he made any intentional and fraudulent misrepresentations and concealment, Strulowitz makes no answer to its remaining allegations as same contain factual and legal conclusions which do not require it.

96.   Strulowitz denies the allegations contained in Paragraph 96.

## COUNT IV

### (Civil Conspiracy)

97.   Answering Paragraph 97, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 96, inclusive, as if set forth at length herein.

98.     Strulowitz denies the allegations contained in Paragraph 98.

99.     Strulowitz denies the allegations contained in Paragraph 99.

100.    Strulowitz denies the allegations contained in Paragraph 100.

101.    Strulowitz denies the allegations contained in Paragraph 101.

## COUNT V

### (Declaratory Relief)

102.    Answering Paragraph 102, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 101, inclusive, as if set forth at length herein.

103.    Answering Paragraph 103, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

104.    Answering Paragraph 104, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

105.    Answering Paragraph 105, except to deny making any material and fraudulent misrepresentations regarding the reasons for the policy and/or concealing same, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

106.    Answering Paragraph 106, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

## COUNT VI

### (Breach of Contract Against Strulowitz and Rampart)

107.    Answering Paragraph 107, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 106, inclusive, as if set forth at length herein.

108.    Answering Paragraph 108, except to admit that he was authorized to solicit and submit applications for life insurance to plaintiff, Strulowitz refers to the referenced contract for a statement of its content.

109.    Answering Paragraph 109, except to affirmatively state that he only submitted to plaintiff applications for life insurance in accordance with its practices, policies and procedures which he genuinely and in good faith believed complied therewith and were consistent with law and public policy, Strulowitz refers to the referenced contract for a statement of its content and makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

110.    Strulowitz denies the allegations contained in Paragraph 110.

111.    Strulowitz denies the allegations contained in Paragraph 111.

## COUNT VII

### (Fiduciary Duty as to Strulowitz and Rampart)

112.    Answering Paragraph 112, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 111, inclusive, as if set forth at length herein.

113.    Answering Paragraph 113, except to affirmatively state that he only submitted to plaintiff applications for life insurance in accordance with its practices, policies and procedures which he genuinely and in good faith believed were suitable and appropriate in accordance therewith, Strulowitz refers to the referenced contract for a statement of its content and makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

114.    Answering Paragraph 114, except to affirmatively state that he only submitted to plaintiff applications for life insurance which he genuinely and in good faith believed to be

14

suitable and appropriate in accordance with its practices, policies and procedures and were consistent with law and public policy, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

115.    Strulowitz denies the allegations contained in Paragraph 115.

116.    Strulowitz denies the allegations contained in Paragraph 116.

## COUNT VIII

### (Negligence as to Strulowitz and Rampart)

118.    Answering Paragraph 118, Strulowitz repeats and realleges his responses to the allegations contained in Paragraphs 1 through 116, inclusive, as if set forth at length herein.

119.    Answering Paragraph 119, except to affirmatively state that he only submitted to plaintiff applications for life insurance which he genuinely and in good faith believed were suitable and appropriate in accordance with its practices, policies and procedures and consistent with law and public policy, Strulowitz makes no answer to its remaining allegations which contain factual and legal conclusions and do not require same.

120.    Strulowitz denies the allegations contained in Paragraph 120.

121.    Strulowitz denies the allegations contained in Paragraph 121.

122.    Strulowitz denies the allegations contained in Paragraph 122.

WHEREFORE, Strulowitz demands judgment dismissing the Amended Complaint with prejudice, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems to be reasonable, equitable, just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, in connection with its review and consideration of the application for life insurance policy U10030194L (the "*Application"* and the *"Policy"*, respectively) and thereafter its issuance and administration, knew and/or in the exercise of reasonable care and due diligence, should have known some or all of the alleged facts, statements, misrepresentations and/or omissions which are the subject of the Amended Complaint, including but not limited to, those which it alleges Strulowitz made, concealed and/or failed to disclose (collectively, the "*Misrepresentations and Omissions*") concerning the Application and the Policy.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred by virtue of the Policy's incontestability provision and the expiration of two (2) years from its issue date.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff, in connection with its review and consideration of the Application and thereafter the Policy's issuance and administration, did not exercise due care and/or act reasonably to protect itself from, and/or to mitigate, any purported damage it allegedly sustained

as a result of Strulowitz's alleged actions, including but not limited to, the Misrepresentations and Omissions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks attendant to and in connection with the Application's review and consideration and thereafter the Policy's issuance and administration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, in connection with its review and consideration of the Application and thereafter the Policy's issuance and administration, did not rely upon any of Strulowitz's actions, including but not limited to, the Misrepresentations and Omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Without either admitting or conceding in any respect whatsoever that Strulowitz made any Misrepresentations and Omissions, all statements made by him in connection with the Application and the Policy were at all relevant times truthful, accurate, reasonable and made in good faith and without any intent to misrepresent, deceive, defraud, conceal from and/or mislead plaintiff in connection with the Application's review and consideration and thereafter the Policy's issuance and administration.

## NINTH AFFIRMATIVE DEFENSE

Without either admitting or conceding in any respect whatsoever that Strulowitz made any Misrepresentations and Omissions, neither the Misrepresentations nor the Omissions were material in connection with plaintiff's review and consideration of the Application and thereafter the Policy's issuance and administration.

X:\Individuals\Strulowitz, Michael  09-3833\Insurance Litigation - In Re Stanley Goldberg, Deceased  09-3833.01\Answer 4-8-10.pdf.doc

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, precluded and estopped from any relief, legal or equitable, by its own actions in connection with the Application's review and consideration and thereafter the Policy's issuance and administration to complain of the alleged actions of Strulowitz, including but not limited to, the Misrepresentations and Omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred because they have been waived on account of the actions of plaintiff, including but not limited to, in connection with the Application's review and consideration and thereafter the Policy's issuance and administration and also its acceptance and retention of premiums and other financial benefits realized therefrom.

## TWELFTH AFFIRMATIVE DEFENSE

Without either admitting or conceding in any respect whatsoever any of the allegations contained in the Amended Complaint, except as set forth hereinabove, and assuming *arguendo* that any of the claims for relief alleged in the Amended Complaint state a claim upon which relief may be granted, each of them is barred by the doctrine of laches in that plaintiff failed to assert its alleged claims within a reasonable period of time and such delay has been to the detriment and prejudice of Strulowitz.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times during the course of Strulowitz's dealings, negotiations and business dealings and relationships with plaintiff in connection with the subject matter of the within action, he acted reasonably, honestly, prudently and in good faith toward it.

X:\Individuals\Strulowitz, Michael  09-3833\Insurance Litigation - In Re Stanley Goldberg, Deceased  09-3833.01\Answer 4-8-10.pdf.doc

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each of the claims for relief alleged therein are barred because by the institution and prosecution of the within action, plaintiff has breached the covenants of good faith and fair dealing which it owed to Strulowitz.

**FIFTEENTH AFFIRMATIVE DEFENSE**

At all relevant times, Strulowitz did not commit any act of negligence, fraud, misrepresentation, concealment or bad faith and/or breach any fiduciary or other duty owing to plaintiff in connection with the subject matter of the within action nor did he act wrongfully or maliciously toward plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each of the claims for relief alleged therein are barred because of plaintiff's unclean hands, among other things, in connection with the Application's review and consideration and thereafter the Policy's issuance and administration and also its acceptance and retention of premiums and other financial benefits realized therefrom.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Without either admitting or conceding in any respect whatsoever any of the allegations contained in the Amended Complaint, and assuming *arguendo* that any of the purported claims asserted therein state a cause of action upon which relief may be granted, the Amended Complaint and each of the claims for relief alleged therein are barred by plaintiff's knowing, voluntary and consensual participation in and acceptance and retention of premiums and other financial benefits realized from the alleged "Stranger-Originated Life Insurance" scheme as same is more particularly described and characterized in the Amended Complaint and/or similar

arrangements and/or transactions in which it knowingly, voluntarily and consensually participated and realized financial benefits therefrom.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Without either admitting or conceding in any respect whatsoever any of the allegations contained in the Amended Complaint, and assuming *arguendo* that any of the purported claims asserted therein state a cause of action upon which relief may be granted, the Amended Complaint and each of the claims for relief alleged therein are barred by the doctrine of *in pari delicto*.

## NINETEENTH AFFIRMATIVE DEFENSE

Without either admitting or conceding in any respect whatsoever any of the allegations contained in the Amended Complaint, except as set forth hereinabove, the Amended Complaint and each of the claims for relief alleged therein are barred by the doctrine of unjust enrichment in that plaintiff, with full knowledge of the facts concerning the Application's submission, review and consideration and thereafter the Policy's issuance and administration, accepted and retained premiums and other financial benefits realized therefrom.

## TWENTIETH AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred by plaintiff's negligence in connection with the Application's review and consideration and thereafter the Policy's issuance and administration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Although Strulowitz denies committing any act of negligence, assuming *arguendo* that any negligence whatsoever on his part is established, it is not greater than the negligence of plaintiff and said negligence being greater than that of Strulowitz, if any, plaintiff is barred from

recovery.  Further assuming *arguendo* that plaintiff becomes entitled to a recovery, said recovery should be diminished by the amount of its comparative negligence pursuant to *N.J.S.A.* 2A:15-5.1 *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred by the doctrine of promissory estoppel in that Strulowitz reasonably relied to his ultimate damage and detriment upon the actions of plaintiff in connection with his submission of the Application to and its review and consideration by plaintiff and thereafter the Policy's issuance and administration.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred by plaintiff's material breaches of the contractual and other duties which at all relevant times it owed to Strulowitz.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint and each of the claims for relief alleged therein are barred because at all relevant times plaintiff failed to act fairly, honestly and in good faith toward Strulowitz.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Each of the claims for relief in the Amended Complaint alleging fraudulent conduct, material misrepresentation and civil conspiracy by Strulowitz are barred for failure to plead with the requisite specificity in accordance with *F.R. Civ. P. 9(b)* and applicable law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is liable to Strulowitz for compensatory and punitive damages because the institution and prosecution of the within action is frivolous, malicious and has been instituted without any basis, either in fact or law, and is intended to injure, harm and damage Strulowitz, including but not limited to, his commercial and personal reputation which have been damaged as a direct and proximate result of plaintiff's actions, and accordingly, Strulowitz expressly reserves his right to seek said relief.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Strulowitz asserts that plaintiff suffered none of the purported injuries and/or damages alleged in the Amended Complaint, and that same, if any, were caused proximately, directly or otherwise, in whole or in part, or alternatively, were contributed to by the actions and/or negligence of plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Strulowitz asserts that plaintiff suffered none of the purported damages alleged in the Amended Complaint, and that same, if any, occurred solely as the result of unavoidable and/or unforeseeable events not connected with him and/or over which he had no control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Strulowitz asserts that plaintiff suffered none of the purported damages alleged in the Amended Complaint, and that same, if any, arose out of risks of which plaintiff had full knowledge and which it knowingly, willingly and voluntarily assumed.

## THIRTIETH AFFIRMATIVE DEFENSE

Strulowitz asserts that plaintiff suffered none of the purported damages alleged in the Amended Complaint, and that recovery for same, if any, is barred, diminished and/or reduced by

virtue of the fact that they, were not reasonably foreseeable or contemplated at the time the Application was submitted to and reviewed and considered by plaintiff and the Policy thereafter issued and administered.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Strulowitz asserts that plaintiff suffered none of the purported damages set forth in the Amended Complaint and that same, if any, were caused proximately, directly and/or otherwise, in whole or in part, or alternatively, were contributed to by the conduct, actions, recklessness, negligence of, lack of due diligence and/or care of one or more of co-defendants and/or third-parties over whom he had no administration, supervision and/or control and for which conduct and actions he is not liable, in whole or in part.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any purported damages allegedly sustained by plaintiff were preventable by the exercise of reasonable care and due diligence.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

At all relevant times, Strulowitz acted in good faith in connection with the Application's submission to and its review and consideration by plaintiff and thereafter the Policy's issuance and administration, and accordingly, the claims for punitive damages are barred and/or limited due to the fact that he acted reasonably, in good faith and in accordance with law.

23

## CROSSCLAIM AGAINST DEFENDANT RAMPART

### FIRST COUNT

### (Contribution)

By way of Crossclaim against Rampart, Strulowitz says:

1.     While Strulowitz denies liability for any of the purported damages sustained by plaintiff, if judgment is recovered by plaintiff against him, it is asserted that his negligence, if any, was merely constructive, technical, imputed or vicarious and plaintiff's purported damages arose from the direct act of primary negligence or other culpable act of Rampart.

2.     Accordingly, Rampart is obligated by virtue of operation of law and the provisions of the Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1 *et seq.* for its pro-rata share of any judgment and Strulowitz is entitled to a determination of the percentage shares of responsibility of all claims which are the subject of any pleading in the within action.

### SECOND COUNT

### (Indemnification)

3.     Strulowitz repeats and realleges each and every allegation set forth in Paragraphs 1 and 2 of the First Count of the Crossclaim as though set forth at length herein.

4.     While Strulowitz denies liability for any of the purported damages sustained by plaintiff, if judgment is entered in favor of plaintiff and against Strulowitz, it is hereby asserted that the negligence of Strulowitz, if any, was merely constructive, technical, imputed or vicarious and plaintiff's purported damages arose from the direct act of primary negligence or other culpable act of Rampart.

5.     Accordingly, Rampart is obligated by operation of law or otherwise to indemnify Strulowitz and hold him harmless from any and all claims, injuries and/or damages which are the subject of any pleading in the within action.

## ANSWER TO CROSSCLAIMS OF RAMPART

Strulowitz, by way of Answer to the Crossclaims of Rampart says:

## FIRST COUNT

Strulowitz denies the allegations contained in the First Count of the Crossclaims.

## SECOND COUNT

1.     Answering Paragraph 1, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

2.     Answering Paragraph 2, Strulowitz refers to the referenced Producers Contract for a statement of its content.

3.     Answering Paragraph 3, Strulowitz makes no answer thereto as its allegations contain factual and legal conclusions which do not require same.

## THIRD COUNT

1.      Strulowitz denies the allegations contained therein.

2.     Strulowitz repeats and realleges each Affirmative Defense to the Amended Complaint asserted hereinabove as though set forth at length herein.

WHEREFORE, Strulowitz demands judgment dismissing all Crossclaims with prejudice, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems to be reasonable, equitable, just and appropriate under the circumstances.

## **JURY DEMAND**

Please take notice that pursuant to *F. R. Civ. P. 38*, demand is hereby made for trial by jury on all issues so triable.

GRUHIN & GRUHIN, P.A.
 Attorneys for Defendant, Michael Strulowitz


By:  /s/ Stephen W. Gruhin
     STEPHEN W. GRUHIN (SG0526)

Dated: April 28, 2010