# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

33 Washington Street, Newark, New Jersey 07102-3017   Tel: (973) 624-0800   Fax: (973) 624-0808

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Limited Liability Partnership of NY
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

JAMES CRAWFORD ORR
WILLIAM J. REINA
THOMAS F. QUINN
BARBARA HOPKINSON KELLY
CAROLYN F. O'CONNOR
KENNETH M. BROWN
DANIEL F. FLORES
KURT W. KRAUSS
WILLIAM P. KRAUSS
MICHAEL J. NAUGHTON
JOSEPH A. GALLO
ROBERT A. BERNS
KELLY A. WATERS
BRIAN J. WHITEMAN
SUSAN KARLOVICH
MATTHEW S. MAHONEY
KEVIN C. DONOVAN

JAMES S. REHBERGER
JOSEPH T. HANLON
ROBERT LESKO
RENEE J. SHERMAN
ROBERT T. GUNNING
GREGG S. KAHN
MAXWELL L. BILLEK
JOANNA PIOREK

OF COUNSEL
ROBERT C. NEFF, JR.
JOHN P. O'TOOLE
SUNA LEE
CHRISTOPHER W. McCLANAHAN
LINDA K. SMITH
TANA BUCCA

www.wilsonelser.com

KURT H. DZUGAY
GINA CALABRIA
JOHN W. WILLIAMS
SHAUN S. McGREGOR
KIM M. CONNOR
PETER A. SWIFT
ERIC T. EVANS
GREGORY T. FOOTE
JULIE VON BEVERN
BRUCE W. MCCOY, JR.
MICHAEL L. SOLOMON
DANIEL E. ZEMSKY

C. TY NGUYEN
JESSICA BRENNAN
KATHERINE POTTER
MELISSA D. LANDAU
KAREN D. PECK
JOHN W. ROESER
STEPHANIE RUFFO
JILLIAN ACKERMANN
LOUIS PERAGOINE
ANDREW F. BAIN
BRENDAN P. MCCARTHY

KEITH G. VON GLAHN (1952-2007)

March 4, 2011

**BY ELECTRONIC FILING**
Honorable Faith S. Hochberg, U.S.D.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building, Room 369
P.O. Box 999
Newark, New Jersey 07101-0999

       Re:    American General Life Insurance Company v. Sussex 130 LLP, et al.
                Our File No.: 07478.00649
                Civil Action No. 2:09-cv-5097 (FSH/PS)

Dear Judge Hochberg:

      This firm represents plaintiff American General Life Insurance Company in connection with this matter. The parties hereby submit the following, joint status report to your Honor, in accordance with your Honor's Order dated February 16, 2011.

           1.    **Indicating Whether This Is A Jury Or Non-Jury Case**

This is a jury case.

           2.    **Briefly Describing The Nature Of The Case, The Relief Requested By The Parties, The Substantive Issues In The Case, And The Parties' Positions On Each Issue**

      Plaintiff American General Life Insurance Company issued Flexible Premium Adjustable Life Policy U10030194L to Sussex 130, LLP as owner in the amount of $10 million and insuring the life of Stanley Goldberg (the "Policy"). Plaintiff alleged in its Amended Complaint, among other things, that the Policy was void *ab initio* due to lack of insurable interest and that defendants misrepresented the reason for which the Policy was purchased. Plaintiff sought, among other things, a declaration that the Policy was rescinded and void *ab initio* because of lack of insurable interest and material misrepresentation. Defendants Sussex 130,

Honorable Faith S. Hochberg, U.S.D.J.
March 4, 2011
Page 2

LLP, Canyon Funding Trust, Wells Fargo Bank, N.A. and Scott Ulven (collectively the "Non-Broker Defendants"), and defendant Michael Strulowitz, deny any allegation of lack of insurable interest or misrepresentations or any other wrongful conduct and as such filed Answers disputing and denying the allegations asserted against them. In addition, Canyon Funding Trust and Wells Fargo Bank, N.A., as Collateral Agent, asserted a Counterclaim against plaintiff asserting, among other things, breach of contract, fraud, and bad faith causes of action. By way of the Counterclaim, Canyon Funding Trust and Wells Fargo Bank, N.A., as Collateral Agent, sought, among other things, damages in the amount of the Policy's death benefit plus interest, attorneys' fees and costs, and punitive damages. Plaintiff denied the allegations contained in the Counterclaim.

### 3. Stating The Date Discovery Closes In This Matter

Fact discovery closes on March 31, 2011. Expert discovery closes on May 20, 2011.

### 4. Stating Whether (And When, If Possible) A Party Intends To File Any, Or Additional, Dispositive Motions, Including A Brief Description Of The Grounds For Such Motion

As set forth in the Court's February 23, 2011 Order (which is annexed hereto as Exhibit A), this matter is fully resolved as between plaintiff and the Non-Broker Defendants (including plaintiff's signing of the settlement agreement). An appropriately worded dismissal Order will be submitted to the Court shortly.

Plaintiff also has advised Mr. Strulowitz, as set forth in the February 23, 2011 Order, that it is willing to dismiss the claims against him with prejudice. Numerous courts, including courts within the Third Circuit, have held that a court lacks the discretion to deny a motion under Rule 41 "when the plaintiff requests that the dismissal be with prejudice." See Sypniewski v. Warren Hills Regional Board of Education, 2006 U.S. Dist. Lexis 3543, at page *12 (D.N.J. 2006); Gilbreth Int'l Corp. v. Lionel Leisure, Inc., 587 F. Supp. 605, 614 (E.D. Pa. 1983); 8 Moore's Federal Practice, sec. 41.40[3] at p. 41-132. Mr. Strulowitz, however, seeks compensation for fees and costs and is considering filing an application for the same in response to plaintiff's Rule 41 motion. While pursuant to the February 23, 2011 Order plaintiff has until March 11, 2011 to file a motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it intends to file the motion by March 7 so that this matter can be fully dismissed as expeditiously as possible.

### 5. Stating Whether A Party Or Parties Feel A Settlement Conference With The Court Would Be Beneficial, And Whether The Parties Are Currently Engaged In Settlement Discussions

In light of Paragraph 4 above, the parties do not believe that a settlement conference with the Court would be beneficial.

Honorable Faith S. Hochberg, U.S.D.J.
March 4, 2011
Page 3

We appreciate the Court's continuing time and attention in this regard.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

s/ Robert P. Lesko

Robert P. Lesko

RPL/cz
Enclosure
cc:  <u>Via ECF</u>
    Jeffrey Greenbaum, Esq.
    Sally Sears Coder, Esq.
    Kenneth Rothschild, Esq.
    Paul Linker, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, : <br><br> Plaintiff, : <br><br> v. : <br><br> SUSSEX 130 LLP, ET AL., : <br><br> Defendants. : | Civil Action No. 09-5097 (FSH)(PS) <br><br> ORDER ON INFORMAL APPLICATION |

This matter having come before the Court by way of letter dated February 15, 2011, regarding the status of settlement discussions among the parties;

and as it appears that the settlement discussions to date may not resolve all claims by all parties, the Court having conducted a telephone conference on the record on February 23, 2011;

and the Court being advised that the plaintiff and nonbroker defendants have reached a settlement agreement that the nonbroker defendants have signed and that the plaintiff is awaiting a signature;

and the Court being advised that the plaintiff is willing to dismiss the claims against defendant Strulowitz with prejudice but defendant Strulowitz is seeking compensation for fees and costs and is considering filing an application for same in response to plaintiff's proposed motion under Fed. R. Civ. P. 41(b);

and for the reasons discussed during the telephone conference;

IT IS THEREFORE ON THIS 23rd day of February, 2011

ORDERED that when the settlement agreement is fully executed, the plaintiff and

nonbroker defendants shall submit a dismissal order;

ORDERED that, no later than **March 7, 2011**, defendant Strulowitz shall notify the Court whether or not he intends to conduct discovery. Unless defendant Strulowitz notifies the Court that he is forgoing discovery, all discovery shall proceed in accordance with the Order dated February 8, 2011 even while the motion is pending;

IT IS FURTHER ORDERED that if defendant Strulowitz does not agree to the entry of a dismissal order with prejudice, then no later than **March 11, 2011**, the plaintiff shall file a motion pursuant to Fed. R. Civ. P. 41(b). Any response/cross-motion shall be filed no later than **March 21, 2011** and the reply shall be flied no later than **March 28, 2011.** No further reply from the cross-movant will be permitted. The return date shall be **April 4, 2011** before the Hon. Faith S. Hochberg. Her Honor's Chambers will notify the parties if oral argument will be required; and

IT IS FURTHER ORDERED that any request to extend the deadline to provide a joint status report to Judge Hochberg shall be made in writing and directed to Judge Hochberg.

                                                s/Patty Shwartz
                                                **UNITED STATES MAGISTRATE JUDGE**